UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

KATHY OSBORNE,                         )
                                       )
        Plaintiff,                     )        Civil Action No. 7: 04-372-DCR
                                       )
V.                                     )
                                       )
FEDERAL NAT'L MORTGAGE ASSOC.          )
c/o CHASE MORTGAGE CO.,                )        **MEMORANDUM OPINION**
                                       )              **AND ORDER**
        Defendant.                     )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 12, 2003, Kathy Osborne ("Osborne") filed a slander of title suit against the Federal National Mortgage Association ("Fannie Mae") in Johnson Circuit Court.  Fannie Mae removed the action to this Court on the basis of diversity of citizenship.  This matter is currently pending for consideration of Fannie Mae's motion for judgment on the pleadings or, in the alternative, for summary judgment.  [Record No. 11]  Because Osborne has failed to properly allege a slander of title action, Fannie Mae's motion will be granted.

## I.     BACKGROUND

On September 15, 1992, Osborne, then known as Kathy M. Bentley, acquired title to the land at issue in this case located in Johnson County ("the Osborne Land").[1]  On August 8, 2001, Bill and Kathy *L*. Bentley obtained a $40,000 loan from American Home Loans, executing a promissory note secured by a mortgage on the Osborne Land.  In the text of the mortgage, the

---

[1]        It appears that Osborne resides in Floyd County.

-1-

"M" in Kathy M. Bentley is crossed out and replaced with an "L."  In the loan origination file, Kathly L. Bentley executed a "One and the Same Affidavit," claiming that she was the Kathy M. Bentley referred to in the 1992 land title acquisition.  An appraisal report indicates that Bill and Kathy L. Bentley lived on the land in a mobile home when the home was appraised on July 13, 2001.[2]

Immediately after closing on the promissory note, American Home Loans transferred its rights under the note to Flagstar Bank.  In April 2002, Fannie Mae purchased the promissory note and mortgage in the secondary mortgage market as part of a bulk sale of assets.  Prior to Fannie Mae's purchase of the debt instruments, Kathy L. Bentley again executed a "One and the Same Affidavit."  After the purchase, Fannie Mae recorded the assignment of mortgage, as provided by Kentucky law.

During the summer of 2003, Osborne attempted to obtain a mortgage on the Osborne Land.  However, during her investigation she learned of the encumbrance on her property.  Osborne then contacted Fannie Mae, claiming that she had never taken out a mortgage on the property.  Fannie Mae, unaware of the (likely) fraud perpetrated by Kathy L. Bentley in obtaining a mortgage for land purchased by Kathy M. Bentley, responded by stating that the mortgage must be paid-off before the encumbrance would be removed.  In November 2003, Osborne filed the instant suit in the Johnson Circuit Court.  After investigating the matter, Fannie Mae determined that the Kathy L. Bentley mortgage was not properly obtained and thus did not constitute a secured interest in the Osborne Land.  In January 2004, Fannie Mae informed

---

[2]     Payments were made on the mortgage until Bill and Kathy L. Bentley filed for Chapter 13 bankruptcy protection in March 2003.

Osborne that it would be releasing the encumbrance on her deed. On March 1, 2004, the encumbrance was formally removed.

## II.   LEGAL STANDARD

### A.   *Motion for Judgment on the Pleadings*

The Defendants' motion for judgment is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which allows a defendant to move for dismissal of a complaint if, taking all of non-movant's material allegations to be true, the movant is entitled to judgment as a matter of law. A judgment on the pleadings under Rule 12(c) is treated under the same standards applied to dismissal for failure to state a claim under Rule 12(b)(6). *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987)

When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). And while a complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Although liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). A complaint

must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

        B.    *Motion for Summary Judgment*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims.

-4-

*Celotex*, at 324.  However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact.  *In re Morris*, 260 F.3d 654 (6th Cir. 2002).   The nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact.  *Id.*  In determining whether there are any genuine issues of material fact, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## III.   ANALYSIS

In *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765 (Ky. App. 1980), the Kentucky Court of Appeals instructed that,

> [i]n order to maintain a slander of title action in this jurisdiction, the plaintiff must plead and prove that the defendant has knowingly and maliciously communicated, orally or in writing, a false statement which has the effect of disparaging the plaintiff's title to property; he must also plead and prove that he has incurred special damage as a result. . . .  [I]f special damage has not been incurred, the action is not maintainable.  In other words, there is no such thing as slander of title per se.  The special damage required may consist of either a loss by the plaintiff of a sale of his property or a diminution in its fair market value.

*Id.* at 766 (citations omitted).  Osborne's complaint alleges that Fannie Mae "allowed a mortgage to be placed against the property of Plaintiff without any justification and the mortgage was wrongfully executed, received, and lodged for the record by defendant."  (Compl. at ¶ 8).

The Complaint does not allege that Fannie Mae ever "knowingly and maliciously communicated, orally or in writing, a false statement which has the effect of disparaging the plaintiff's title."  *Robinson*, S.W.2d at 766.  Osborne responds by stating that she has "pled that

-5-

[Fannie Mae] failed to act when put on specific notice that they held a wrongful mortgage on the Plaintiff's property which continued to deny Plaintiff the use of that property and which put the Plaintiff's title to the property in question to the extent that the Plaintiff could not obtain financing on her property." (Plf.'s Resp. at 3). These allegations, however, do not meet *Robinson*'s requirement that the plaintiff in a slander of title action plead and prove that the defendant "knowingly and maliciously communicated, orally or in writing, a false statement which has the effect of disparaging the plaintiff's title." *Robinson*, S.W.2d at 766. Osborne has not pled a viable slander of title cause of action.

It is clear that Fannie Mae was not aware of the fraudulent nature of the mortgage, a mortgage it only purchased on the secondary market, because "[w]hen a man buys property and pays for it, it is reasonably presumed that he had no notice of an infirmity in the title, for men do not usually take such risks." *Terry v. Ellsworth*, 32 S.W.2d 558, 561 (Ky. 1930). Believing that the mortgage was valid (as American Home Loans and Flagstar Bank had before them), Fannie Mae was required to record the mortgage to protect its interest in the property. K.R.S. § 382.270 -290. "An assertion of title made by way of self-defense as a warning to others is not actionable [in a slander of title action] though the claim be mistaken, if made in good faith." *Hardin Oil Co. v. Spencer*, 266 S.W. 654, 655 (Ky. 1924).

Osborne seems to complain about the speed with which Fannie Mae investigated her claim. Even assuming, *arguendo*, that Fannie Mae's investigation was slow, such a fact could not, *ipso facto*, support a slander of title action. Fannie Mae was entitled to investigate the matter – two prior financial institutions had been duped into believing that Kathy M. Bentley

-6-

held title to the land.  Simply releasing the mortgage on Osborne say-so would have been imprudent.  The record indicates that Fannie Mae performed an expeditious investigation and removed the encumbrance when it learned of the fraud.  In fact, it was Osborne's failure to respond to discovery which slowed the investigation.  As late as January 5, 2004, Osborne still had not provided her social security number to Fannie Mae to help it determine whether or not she had executed the mortgage.  (Def.'s Mot., Ex. K).  When Fannie Mae was finally provided with her social security number, it quickly informed her that it would release the mortgage. Fannie Mae acted in good faith at all times.

If Osborne feels she has sustained the "special damages" necessary to sustain a slander of title action, she should pursue a claim against those who apparently acted "knowingly and maliciously" in slandering her title, *i.e.*, Bill and Kathy L. Bentley.  It is Fannie Mae, in fact, which has sustained the greatest injury by purchasing a fraudulently obtained, and ultimately worthless, mortgage.

Because Osborne has not pled a viable "slander of title" cause of action against Fannie Mae, it is unnecessary to address the additional arguments raised by Fannie Mae in seeking judgment on the pleadings and summary judgment, including the argument that Osborne has not sustained special damages.

## IV.   CONCLUSION

The Court being sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Fannie Mae's motion for judgment on the pleadings or, in the alternative, for

summary judgment [Record No. 11] is **GRANTED**.

(2)     Plaintiff Kathy Osborne's claims are **DISMISSED**, with prejudice, and this matter

is **STRICKEN** from the Court's active docket.

This 28th day of May, 2005.

**Signed By:**

*__Danny C. Reeves__*   DCR

**United States District Judge**